UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRVING NARDOLILLO,                          :
                    Plaintiff,              :
                                            :
            v.                              :        C.A. No. 13-337ML
                                            :
BERKSHIRE PLACE, LTD., et al.,              :
                    Defendants.             :

### REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

On May 10, 2013, Plaintiff Irving Nardolillo ("Nardolillo" or "Plaintiff"), filed a hand-

written *pro se* document purporting to be a complaint, along with a motion for leave to proceed

*in forma pauperis*.  The Motion has been referred to me for determination pursuant to 28 U.S.C.

§ 636(b)(1)(A).  Based on my review of his application to proceed without prepayment of fees, I

conclude that the Motion (ECF No. 3) should be GRANTED.  Because Plaintiff is proceeding *in*

*forma pauperis*, his case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  Based

on my review of the filing purporting be a complaint,[1] I find that it fails to state a claim upon

which relief may be granted and make a *sua sponte* recommendation that the case (ECF No. 1)

should be DISMISSED.  20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

The preliminary screening statute, which is triggered by Plaintiff's *in forma pauperis*

status, 28 U.S.C. § 1915(e)(2), authorizes federal courts, at any time, to dismiss actions in which

a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of the relevant pleading.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).  Nevertheless, it fails to state a claim.

defendant who is immune from such relief.  See id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff's operative pleading merely informs the Court that he has a right-to-sue letter from the U.S. Equal Employment Opportunity Commission, which he asks to have filed in this Court.[2]  This is confirmed by the civil cover sheet, on which he wrote that his cause of action is "right to sue."  This does not comply with the Federal Rules of Civil Procedure, which require that a "civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3. The document that Plaintiff filed as his complaint also does not comply with Rule 8(a), which requires a plaintiff to include in a complaint "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005); Phelps v. Local 0222, No. 09-11218, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010).  The complaint must afford the defendant(s) a "['] meaningful opportunity to mount a defense.'" Diaz–Rivera v. Rivera–Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)); see Redondo–Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005); Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011).

Based on the foregoing, Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 3) should be GRANTED.  However, because Plaintiff's "complaint" fails completely to comply

---

[2] Plaintiff attached a document entitled "Dismissal and Notice of Rights" from the U.S. Equal Employment Opportunity Commission (Boston Area Office) dated April 26, 2013.

with Rules 3 and 8 of the Federal Rules of Civil Procedure, it fails to state a claim and Plaintiff's action should be DISMISSED.  28 U.S.C. § 1915(e)(2)(ii).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 14, 2013